UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Clifton Delwayn Currie** **Docket No. 5:18-CR-422-2D**

**Petition for Action on Supervised Release**

COMES NOW Tyler L. Wiegand, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Clifton Delwayn Currie, who, upon an earlier plea of guilty to Count 1 – Attempted Interference With Commerce by Robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 1951(a), and 18 U.S.C. § 2; and Count 2 – Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(ii), and 18 U.S.C. § 2, was sentenced by the Honorable James C. Dever III, U.S. District Judge, on July 24, 2019, to the custody of the Bureau of Prisons for a term of 144 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. On November 30, 2022, the court amended the Judgment and Commitment Order modifying the defendant's sentence to 108 months of imprisonment and three years of supervised release. On April 3, 2023, the court amended the Judgment and Commitment order vacating the conviction in Count 2. Clifton Delwayn Currie was released from custody on April 9, 2025, at which time the term of supervised release commenced.

On April 29, 2025, a Violation Report was submitted to the court due to the defendant committing the offense of Driving While License Revoked-Not Impaired and Speeding. The defendant was continued on supervision. On October 22, 2025, a Petition for Action was approved by the court, modifying the defendant's monthly restitution payments to the amount of at least $25.00 per month until the financial obligation is paid in full.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

4. The defendant shall provide the probation office with access to any requested financial information.

5. The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statue authorizing a sentence of restitution.

6. The defendant shall support his dependents.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The court originally ordered that any outstanding restitution balance at the time of the defendant's release from imprisonment be paid in monthly installments of $50.00, commencing 60 days following release. On October 22, 2025, the Court modified the defendant's restitution payment schedule to $25.00 per month due to financial hardship. Since the modification, the defendant has made only two payments of $25.00, leaving an outstanding restitution balance of $11,485.46. The defendant has been verbally reprimanded for failing to comply with the court-ordered payment schedule and instructed to adhere to the monthly payments in accordance with the established payment agreement. At this time, we are recommending that supervision be continued.

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Keith W. Lawrence
Keith W. Lawrence
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Tyler L. Wiegand
Tyler L. Wiegand
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2551
Executed On: November 17, 2026

**ORDER OF THE COURT**

Considered and ordered this 17 day of November, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge